# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRIAN ANTHONY JACKSON | * |
| Petitioner, | * |
| v. | * Civil Action No. GLR-15-3518 |
| WARDEN, | * |
| Respondent. | * |

## MEMORANDUM OPINION

On November 18, 2015, Brian Anthony Jackson submitted a self-represented filing titled "Motion to Dismiss" (ECF No. 1), seeking to dismiss five state court cases. Jackson is a criminal defendant in at least three of these cases. Jackson, who is confined at the Montgomery Correctional Facility, did not pay the civil filing fee or file a motion to proceed in forma pauperis. He will be granted leave to proceed in forma pauperis for the limited purpose of preliminary review. Accordingly, this case will be reviewed pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A (2012).

The Court is mindful of its duty to liberally construe the pleadings of self-represented litigants. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court is required to conjure up questions never squarely presented to them. See City of Hampton v. Beaudett, 775 F.2d 1274, 1278 (4th Cir. 1985).

Jackson seeks dismissal of the following five cases: (1) 02-K-14-002377 (Circuit Court for Anne Arundel County); (2) 02-K-14-002399 (Circuit Court for Anne Arundel); (3) 0D0033821 (District Court for Montgomery County); (4) SD09754 (District Court for Montgomery County); and (5) 00D10JGR (District Court for Prince George's County), based on

summary reference to the Uniform Commercial Code and 18 U.S.C. § 242 (conspiracy against rights). (ECF No. 1). Jackson does not explain why he believes the criminal cases are dismissible on the grounds he presents. He also includes several attachments to his Complaint without explanation.

The Maryland state judiciary electronic docket shows Jackson pleaded guilty on April 22, 2015, in the Circuit Court for Anne Arundel County, to "rogue and vagabond," a misdemeanor offense, and was sentenced to eighteen months incarceration, all suspended in case 02-K-14-002399. See http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=02K14002399&loc=60&detailLoc=ODYCRIM. Jackson pleaded guilty the same day to theft less than $1000 in case 02-K-14-002379 in the Circuit Court for Anne Arundel County and was sentenced to 18 months incarceration, all suspended. The electronic docket shows that a warrant was issued for Jackson's arrest on July 21, 2015 for violating his probation. See http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=02K14002379&loc=60&detailLoc=ODYCRIM. On July 1, 2015, Jackson was charged in the District Court for Montgomery County in case SD09754, with driving with a suspended license. That case is presently shown as active on the electronic docket. See http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=SD09754&loc=24&detailLoc=DSTRAF. Cases 0D0033821 and 0D0033821 were not available on the state electronic docket. See http://casesearch.courts.state.md.us/casesearch//processDisclaimer.jis.

Jackson's requests to dismiss or overturn his state cases are barred by the Rooker–

Feldman doctrine.[1] "[L]ower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997); see Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198 (4th Cir. 2000) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.") (internal quotations omitted). The Rooker–Feldman doctrine prevents a federal court from determining that a state court judgment was erroneously entered or taking action that would render a state court judgment ineffectual. Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 202 (4th Cir. 1997) (citing Ernst v. Child and Youth Servs., 108 F.3d 486, 491 (3d Cir. 1997)). It is a narrowly tailored doctrine, such that the relief sought in federal court must seek to "'reverse or modify' the state court decree" for the doctrine to apply. Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

To the extent Jackson is disputing criminal charges against him in state court, absent extraordinary circumstances not alleged here, federal courts are not authorized to interfere with pending state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 44 (1971). Federal district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims could be presented in the ongoing state judicial proceeding. See Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52–53 (4th Cir. 1989). The United States Court of Appeals for the Fourth Circuit has recognized that the "Younger abstention is appropriate only in

---

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482,(1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); see also Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (quoting Davani v. Va. Dep't of Transp. 434 F.3d 712, 719 (4th Cir. 2006)) (noting a federal court may not conduct appellate review of a state court decision).

those cases in which (1) there is an on-going state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).[2] The Maryland electronic docket shows that Jackson's violation of probation case is on-going. The State of Maryland has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference.

For these reasons, this case will be dismissed without prejudice. Jackson may seek to dismiss or appeal his state charges or convictions, as may be appropriate in state court.[3] A separate order follows.

Entered this 23rd day of November, 2015

/s/
_____
George L. Russell, III
United States District Judge

---

[2] While there are exceptions to applying the Younger abstention doctrine, none are apparent here. See Nivens v. Gilchrist, 44 F.3d 237, 241 (4th Cir. 2006) (explaining that Younger is not applied only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury").

[3] After exhausting his remedies in state court, Jackson may file a petition of habeas corpus under 28 U.S.C. §2254 to pursue any claims that his conviction violated federal law or a constitutional provision. A § 2254 information packet will be sent to him.